UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON PHYSIOMESH FLEXIBLE
COMPOSITE HERNIA MESH
PRODUCTS LIABILITY LITIGATION                                                  MDL No. 2782

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in nine of the actions listed on Schedule A pending in five districts move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Middle District of Florida or, alternatively, the Southern District of Illinois. This litigation consists of eighteen actions pending in ten districts, as listed on Schedule A. The Panel also has been notified of 49 related actions pending in 29 districts.[1] Defendants Johnson & Johnson and Ethicon, Inc. (together, Ethicon) oppose centralization or, alternatively, suggest centralization in the District of New Jersey or, alternatively, the Eastern District of Kentucky or the Northern District of Georgia. In reply, moving plaintiffs support centralization in the Northern District of Georgia. Since the close of briefing, more than fifteen plaintiffs and potential tag-along plaintiffs have responded in favor of centralization in one or more of the districts supported by movants, and two of these plaintiffs alternatively suggest centralization in the Eastern District of Louisiana or the Western District of Texas, respectively. All parties support or do not oppose centralization in the Northern District of Georgia.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All of the actions share common factual questions arising out of allegations that defects in defendants' Physiomesh hernia mesh can lead to complications when implanted in patients, including herniation through the mesh, recurrent hernia formation and/or rupture, and deformation of the mesh. Many plaintiffs more specifically allege that the multi-layer coating in Physiomesh prevented adequate incorporation of the mesh and caused or contributed to a variety of serious complications, and that the polypropylene mesh portion of the Physiomesh was insufficient to withstand normal abdominal forces. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Judge Charles R. Breyer and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

In opposing centralization, Ethicon argues, *inter alia*, that (1) the unique facts of each plaintiff's case will predominate over common facts; (2) alternatives to centralization are available to minimize duplication of effort; and (3) creation of an MDL will encourage the filing of additional claims against Ethicon.

Ethicon argues that individual factual issues will predominate with respect to the wide variety of alleged injuries, causation, and the timing of each plaintiff's injury as it relates to the warnings given with the product and the applicable statute of limitations. The Panel has rejected the argument that products liability actions must allege identical injuries to warrant centralization. *See, e.g., In re: Cook Medical, Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1381 (J.P.M.L. 2014). Indeed, "[t]hough these actions present individual issues of fact, this is usually true of products liability cases and medical device cases, in particular." *Id*. at 1380 (citation omitted); *see also In re: Wright Med. Tech., Inc., Conserve hip Implant Prods. Liab. Litig.,* 844 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012) ("[A]lmost all injury litigation involves questions of causation that are case- and plaintiff-specific. Such differences have not been an impediment to centralization in the past."). As in other medical device cases centralized by the Panel, these actions "share paramount issues concerning the design, manufacture, testing, and marketing of a single medical device." *In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010).

On several occasions, the Panel has rejected the argument that we should deny centralization because creating an MDL would proliferate non-meritorious claims. *See In re: Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006) ("The response to such concerns more properly inheres in assigning all related actions to one judge committed to disposing of spurious claims quickly."); *see also In re: Cook IVC Filters*, 53 F. Supp. at 1381 ("the transferee court handling several cases in an MDL likely is in a better position—and certainly is in no worse position than courts in multiple districts handling individual cases—to properly address meritless claims"). Moreover, whether particular claims are without merit is a matter "more appropriately addressed to the court which oversees those claims." *In re: Seroquel*, 447 F. Supp. 2d at 1378.

We are also not persuaded that informal coordination is a practicable solution here. Almost 70 actions are pending in 36 district courts, and dozens of law firms are involved in this litigation. Section 1407 centralization will place all actions before one judge who can structure pretrial proceedings to enhance efficiency and more effectively minimize overlap.

We find, as all responding parties agree, that the Northern District of Georgia is an appropriate transferee district. This district is accessible for domestic and international parties and witnesses, and is centrally located to many of the pending actions. Two constituent actions and two potential tag-along actions are pending in this district. We assign the litigation to Judge Richard W. Story, an experienced jurist who will steer these cases on a prudent course.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Richard W. Story for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry

**IN RE: ETHICON PHYSIOMESH FLEXIBLE
COMPOSITE HERNIA MESH
PRODUCTS LIABILITY LITIGATION**                              MDL No. 2782

## SCHEDULE A

    District of Colorado

BARAKOVA, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00543
KEEFER, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00603

    Middle District of Florida

GRAHAM v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:17-00229
QUINN v. ETHICON, INC., ET AL., C.A. No. 6:16-01663
CARR, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 6:17-00393
MILLER v. JOHNSON & JOHNSON, ET AL., C.A. No. 6:17-00503
GILMAN v. JOHNSON & JOHNSON, ET AL., C.A. No. 8:16-03502
SUNTER v. JOHNSON & JOHNSON, ET AL., C.A. No. 8:17-00113

    Middle District of Georgia

FRANKLIN, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17-00031

    Northern District of Georgia

BROWN v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17-00036
WINFREY v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17-00040

    Southern District of Illinois

HUFF v. ETHICON, INC., C.A. No. 3:16-00368
WORRELL v. ETHICON, INC., ET AL., C.A. No. 3:17-00172

    Eastern District of Kentucky

CARRILLO v. JOHNSON & JOHNSON, ET AL., C.A. No. 7:17-00037

    District of Massachusetts

WATRING v. ETHICON, INC., C.A. No. 1:16-12278

**MDL No. 2782 Schedule A (Continued)**

### District of New Jersey

RAMEY v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:17-01455

### Northern District of Oklahoma

COX v. ETHICON, INC., C.A. No. 4:16-00729

### District of South Carolina

SHELTON, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:17-00614